

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Falade v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Falade v. USA" (2007). *2007 Decisions.* Paper 1000.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1000

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-221                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4260
_____

MARLENE S. FALADE,
                          Appellant
vs.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03817 )
District Judge:  Honorable William J. Martini
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007
BEFORE:  McKEE, FUENTES and WEIS, CIRCUIT JUDGES

(Filed  June 6, 2007)
_____

OPINION
_____

PER CURIAM.

Marlene S. Falade filed a complaint in forma pauperis against the United

States in the United States District Court for the District of New Jersey.  Invoking 42

U.S.C. § 1983, she alleged that the United States was vicariously liable as an employer or

liable under a failure-to-train theory for the actions of judges in the United States District

1

Court in the Southern District of Florida. She claimed that judges there had denied her motions for recusal and had dismissed her cases in contravention of the United States Constitution. She sought five million dollars in damages and transfers and summary judgments in her now-closed Florida cases.

The District Court, screening Falade's complaint pursuant to 28 U.S.C. § 1915A, dismissed it as frivolous under 28 U.S.C. § 1915(e)(2)(B). Falade filed a motion for reconsideration, which the District Court denied. Falade appeals.

We will dismiss Falade's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). It has no arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court properly dismissed Falade's complaint. Among other infirmities with the pleading, Falade could not hold the United States liable under a respondeat-superior theory of liability. See Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, other than noting that the judges' conduct had "bearings on 'Failure to Train as a Theory of Section 1983 Liability in the 11th Circuit,'" Falade did not point to any constitutional violation, or any violation resulting from a policy, practice or custom of the United States so as to state a failure-to-train claim. Cf. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Also, the judges themselves retained judicial immunity from damages for the acts underlying Falade's claims against the United States, even if any "action . . . was in error, was done maliciously, or was in excess of [the judge's] authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Moreover, to the extent that Falade asked the District Court to transfer or rule on her cases, she sought relief in the

2

wrong court.  Her remedy, if she has any at this late date,[1] would be in the United States

District Court for the Southern District of Florida or the Court of Appeals for the

Eleventh Circuit.

Just as the District Court properly dismissed Falade's complaint, it properly

denied her motion for reconsideration.  She presented no basis for reconsideration.  Nor

does she have a meritorious argument on appeal.  Accordingly, this appeal will be

dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

[1]  We take judicial notice, see Southern Cross Overseas Agencies, Inc. v. Wah Kwong
Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999), of the fact that Falade's
Florida cases were closed in 2004.